IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL RODRIGUEZ-CRUZ,

      Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

      Defendant.

Civil No. 09-1606 (BJM)

## OPINION AND ORDER

Plaintiff  Rafael Rodríguez-Cruz ("Rodríguez")  filed a complaint seeking judicial review of  the  decision  of   the  defendant,  Commissioner  of  Social  Security  ("Commissioner"),  that Rodríguez  was not disabled  and  hence  not entitled to disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Rodríguez asks  for  the judgment to be reversed or remanded for a rehearing.  ( Docket No. 1, p. 1). The Commissioner answered the complaint and filed a supporting  memorandum of law. (Docket No. 10, 13)  Rodríguez also filed a memorandum of law in support of his position. (Docket No. 12). The parties have agreed  to have the case heard before me. (Docket No. 4). After careful review of the administrative record and the briefs on  file, the Commissioner's decision is affirmed.

## LEGAL STANDARD

The court's  review  is limited to determining  whether the Administrative Law Judge ("ALJ") employed the  proper  legal standards and  found  facts  upon  the proper quantum of evidence.  Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).  The ALJ's findings of fact  are conclusive when supported  by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Sec'y of Health & Human Servs., 955

F.2d 765, 769 (1st Cir. 1991).  The court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."  Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

The burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act ("Act").  See Bowen v. Yuckert, 482 U.S. 137, 146-47, n.5 (1987).  A claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Under the statute, a claimant is unable to engage in any substantial gainful activity when he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[1]  42 U.S.C. § 423(d)(2)(A).  In determining whether a plaintiff is disabled, the ALJ must consider all of the evidence on the record. 20 C.F.R. § 404.1520(a)(3).

A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a plaintiff is disabled.  20 C.F.R. §404.1520; see also Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).  In step one, the ALJ determines whether the plaintiff is engaged in "substantial gainful activity."  If he is, disability benefits are denied.  20 C.F.R. § 404.1520(b).  If he is not, the ALJ proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. § 404.1520(c).  If the plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  However, if the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in which it is determined whether the plaintiff has an impairment equivalent to a specific list of

---

[1]The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §423(d)(2)(A).

impairments contained in the regulations' Appendix 1, which the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the plaintiff is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the plaintiff from performing the work he has performed in the past.  If the plaintiff is able to perform his previous work, he is not disabled.  20 C.F.R. § 404.1520(e).  If it is determined that the plaintiff cannot perform this work, then the fifth and final step of the process calls for a determination of whether the plaintiff is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience.  If the plaintiff cannot, then he is entitled to disability benefits.  20 C.F.R. § 404.1520(f).

The plaintiff has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability.  Santiago v. Sec'y of Health &Human Servs., 944 F.2d 1, 5 (1st Cir. 1991) per curium.  Once a claimant has demonstrated a severe impairment that prohibits return to her previous employment, the Commissioner has the burden, under step five, to prove the existence of other jobs in the national economy that the claimant can perform.  Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989).

## FACTUAL AND PROCEDURAL BACKGROUND

Rodríguez has a twelfth grade education and worked as a barber since either 1963 or 1970. (Transcript ["Tr."] 64, 69, 74, 79, 306).  Rodríguez claims to have been disabled since February 7, 2000 due to pain in his knees and legs, which he claims prevents him from walking and standing for long periods of time. (Tr. 307). On September 19, 2003 he filed for disability benefits. (Tr. 51-52). His disability claim was denied on March 29, 2004 and then again on June 15, 2004.  (Tr. 36-41, 42-48).  Rodríguez claims that he was not able to stand or walk for long periods of time and that he was under much pain, causing him to miss work frequently. (Tr. 63, 73). On

Rafael Rodríguez-Cruz vs. Michael J. Astrue, Commissioner of Social Security                    Page 4
Civil No. 09-1606 (BJM)
OPINION AND ORDER

February 27, 2004, X- ray results determined that he suffered from mild osteoarthritis in his back
and shoulders and osteoarthritis with chondrocalcinosis on his right knee, as well as a defect in the
patella. (Tr. 282). In January 2003, Rodríguez reported to the emergency department of the Auxilio
Mutuo Hospital of Puerto Rico with a left plantar puncture, but stated he was not in pain when he
came into the emergency room and that he had not experienced pain in the past week. (Tr. 250-52).
On June 3, 2003, Rodríguez visited the emergency room due to pain and inflamation in his left foot
and knee. He received a prescription for Toradol and was stable when discharged from the hospital.
(Tr. 234-35). On April 21, 2006 a radiology report revealed mild osteoarthritis in both knees. (Tr.
141).

        From June 21 to July 11, 2004 Rodríguez received physical therapy, which he claims
eased his pain. (Tr. 103, 109, 309). Rodríguez received prescriptions for a series of pain
medications as well as anti-inflammatory medications which included Vioxx, Relafen, Ranitidine,
Cataflan, and Diclofemac. (Tr. 68, 78, 309). His medication did not cause him any unpleasant or
painful side effects. (Tr. 312). Rodríguez stated that the medication and therapy were helping with
his back and knee pain. (Tr. 309). The plaintiff reported little to no pain in many of his visits.[2]
(Tr. 150, 152, 156, 162, 164, 167, 169, 174, 176, 178, 191, 200, 213, 219, 221, 223, 225, 227, 229,
233, 241, 243, 245, 249).

        On January 20, 2004, Dr. Arturo Medina-Ruiz wrote a Disability Determination Program
report on the plaintiff, diagnosing him with high blood pressure, arthritis, glaucoma, and limitation
of movement due to pain grade I leg edema, but finding no swelling or redness in his joints. (Tr.
275). On February 27, 2004, radiologist Gladimiro Davila completed a study on the plaintiff's
lumbo sacral spine, shoulders, and right knee. Dr. Davila determined he had mild osteoarthritis with
spasm in the spine, mild osteoarthritis in the shoulders, and osteoarthritis with chondrocalcinosis

_____

        [2] I note that while many of the medical visits report little or no pain, there are several which are
illegible, making it impossible to determine Rodríguez's condition at the time. (Tr. 198, 202, 262, 260,
264, 266, 268).

in the right knee. (Tr. 282). Rodríguez's Physical Residual Functional Capacity Assessment ("PRFCA") concluded that he could stand and /or  walk with normal breaks for a total of six hours in an eight hour day. (Tr. 290).

At a January 11, 2007, hearing  before the ALJ, Rodríguez stated that he had  taken physical therapy as well as medication for his ailments and that these measures were helping his condition. (Tr. 309). He  also admitted  to using self prescribed  medications such  as applying WD40 to the areas that caused him the most pain and using a non-prescription cane. Rodríguez described these alternative methods  as  being  helpful. (Tr. 307, 308, 312). The ALJ found that the plaintiff  had residual functional capacity  to perform light work activity from February 7, 2000 through December 31, 2004, the last date  insured. The ALJ determined that even  though the plaintiff could not kneel frequently he had no limitations for walking or standing, no environmental or visual limitations, and was able to  lift or carry a maximum of twenty pounds. (Tr. 24).

## DISCUSSION

The analysis in this case revolves around the determination at step four in the sequential evaluation process contained in 20 CFR § 404.1520. At that step, the ALJ  will consider  the assessment of the plaintiff's residual functional capacity ("RFC") and his past relevant work. If the plaintiff can still perform his past  relevant  work, then the ALJ will find the plaintiff not to be disabled. 20 CFR §404.1520(e). This court must  determine whether the ALJ's decision  was based upon substantial evidence. The plaintiff contests the ALJ's findings and argues that the ALJ erred in not consulting a medical advisor or a vocational expert. (Docket No. 12, p. 4, 6).

The plaintiff claims that the ALJ made no reference to the limited time plaintiff can remain standing. However, the ALJ considered plaintiff's X-ray exam (Tr. 24), as well as the PRFCA that states the plaintiff can indeed stand and walk for six hours in an eight-hour work day. (Tr. 24). Next, the plaintiff alleges that the ALJ did not consider the treatment records discussing his pain[3] and the

---

[3] In his memorandum of law, Rodríguez complained of pain and secondary effects from his treatments as well as a lack of improvement.  Id. at.3. In contrast to these allegations, plaintiff stated at his hearing that the treatment and medication had helped him with his ailments. (Tr. 309).

need for support provided by a cane. However, it was plaintiff's own testimony that he uses a non-prescription cane. (Tr. 307). Moreover, the ALJ did consider the plaintiff's pain allegations, but noted that most entries in the medical records stated that he was not in pain when he visited his doctors and determined that his statements concerning the intensity, persistence, and limiting effects of his symptoms  were  not entirely credible. (Tr. 26, ¶ 4,6).The reviewing court must afford great deference to the credibility determinations of the ALJ.  <u>Monteiro v. Apfel</u>, 153 F. Supp 2d  39, 44-46, (D. Mass. 2001).

Rodríguez also claims that there  were several contradictions between the ALJ's analysis of the evidence and what the evidence actually stated. He argues that a medical advisor  was necessary in order for the ALJ to adequately assess the medical and testimonial evidence. The function of a medical advisor is to explain complex medical data  to the ALJ. 42 U.S.C.A §405g. "An ALJ requests a MA (Medical Advisor) to testify when she or he feels it necessary". <u>Giménez v. Sec'y of Health & Human Servs.</u>, 985 F.2d 552, 553-54 (1st Cir. 1993); <u>Haywood v. Sullivan</u>, 888 F.2d 1463,1467-68 (5th Cir. 1989). It is only mandatory for the ALJ to call upon a medical advisor when he is to assist in determining a plaintiff's disability onset date  where the onset date needs to be inferred from medical evidence; for example, when the onset of disability occurs sometime before the date of the first medical examination. <u>Grebenick v. Chater</u>, 121 F.3d 1193, 1200-01, (8th Cir. 1997).  The ALJ is not required to consult a medical expert where the ALJ determined that the plaintiff  was not disabled. <u>See Horn v. Astrue,</u> 345 Fed. Appx. 235, 236 (9th Cir. 2009). In the case at hand, the plaintiff's onset date is not in controversy. The issue is  whether or not he is disabled. Because the onset date is not disputed, the presence of a medical advisor is at the ALJ's discretion. Rodríguez also argues that the ALJ erroneously  determined the plaintiff could stand for six hours out of an eight hour work day although  the plaintiff swore under oath that he could not. (Docket No.12, p.6).  In the PRFCA, the evaluating physician determined that the plaintiff could stand and walk for a total of six hours in an eight hour day. (Tr. 290).  However, the plaintiff alleged he could only stand for a couple of hours. (Tr. 307). The ALJ determined that the plaintiff's statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr.26). The reviewing court must comply with the credibility determinations of the ALJ. Monteiro, 153 F. Supp 2d at 44-46. Therefore, the ALJ did not need a medical advisor's assistance to clarify this matter.

Next, Rodríguez argues that the presence of a vocational expert at his hearing was imperative in order for the ALJ to adequately evaluate his ability to perform his usual occupation. The presence of a vocational expert is not required but rather may be used at the ALJ's discretion. See Smitherman v. Massanari, 149 F. Supp. 2d 1303, 1308-09 (M.D. Ala. 2001); Galarza v. Sec'y of Health & Human Servs., 19 F.3d 7, at *2-*3 (1st Cir. 1994). It is not mandatory for the ALJ to call upon a vocational expert. Therefore, the ALJ did not err in not utilizing a vocational expert.

In a step four analysis, as here, the plaintiff has the burden of proof that he cannot return to his past relevant work. Gray v. Heckler, 760 F.2d 369, 371-372 (1st Cir. 1985). The plaintiff has an obligation to present the ALJ with evidence relating to the particular demands of the type of job which he can no longer perform. Dudley v. Sec'y of Health & Human Servs., 816 F.2d 792, 794-95 (1st Cir. 1987). Here, the plaintiff failed to prove that his impairments prevented him from performing his previous occupation. The ALJ analyzed the medical evidence on file including an RFC report, which indicates that the plaintiff could stand and walk for six hours out of an eight hour day. (Tr. 290). The ALJ considered the plaintiff's emergency room visits, his examining physician's progress notes, physical and neurological examinations, and radiological examinations as well as the ALJ's observations of the plaintiff at the hearing. (Tr. 24-25, ¶ 5, 6, 8, 9, 11). The ALJ also found that the plaintiff did not suffer from any environmental or visual limitations, and his former job as a barber was classified as a skilled job with light exertional demands. (Tr. 24). The ALJ adequately analyzed the evidence on file and determined that the plaintiff had the RFC to return to his previous occupation. (Tr. 24, 25, 26). The plaintiff failed to establish that he could not return to his previous occupation, and hence did not meet his burden of proof.

**Rafael Rodríguez-Cruz vs. Michael J. Astrue, Commissioner of Social Security**                    *Page 8*
Civil No. 09-1606 (BJM)
**OPINION AND ORDER**

In sum, the record here contains substantial evidence in support of the Commissioner's decision. Although the evidence arguably may have justified a different conclusion, it is not this court's duty to second-guess the Commissioner's determination. This court is bound by the determination if it is supported by substantial evidence. Because the Commissioner's decision here is supported by substantial evidence, it must be affirmed.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is **AFFIRMED**.   Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, on this 23rd day of June, 2010.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge